UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MATTHEW MCKENDRICK, # 1536116

     Petitioner,

v.                           CIVIL ACTION NO. 2:16cv600

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

     Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Matthew McKendrick ("Petitioner" or "McKendrick"), a Virginia state inmate, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On April 11, 2014, the Fairfax County Circuit Court sentenced Petitioner to ten years of incarceration, eight suspended, following his conviction for carnal knowledge of a minor.[1] Petitioner asserts various violations of his federal rights, including police misconduct and ineffective assistance of counsel. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B)

---

[1] Resp't's Br. in Supp. Mot. Dismiss 1 (ECF No. 10, at 1). Petitioner is currently serving a sixty year sentence with fifty-six years suspended following his conviction and sentencing on related charges in Chesterfield County. This Court dismissed Petitioner's federal habeas petition regarding his Chesterfield convictions on November 29, 2016. McKendrick v. Clarke, No. 2:16cv224, 2016 WL 6997043 (E.D. Va. Nov. 29, 2016).

and (C), and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation. Because the petition is time-barred and procedurally defaulted the undersigned recommends it be dismissed.

## I. **STATEMENT OF THE CASE**

Petitioner was convicted following his guilty plea on the count of carnal knowledge of a minor by the Fairfax County Circuit Court, with final judgment dated April 11, 2014. (ECF No. 10-1, at 5). Petitioner did not appeal his conviction nor did he file a state petition for a writ of habeas corpus. Pet. 3, 4 (ECF No. 1, at 2, 3). Petitioner filed the current federal petition for a writ of habeas corpus, pro se, on October 3, 2016. Id. at 16 (ECF No. 1, at 15); see Houston v. Lack, 487 U.S. 266, 276 (1988) (holding a document is filed on the date a prisoner delivers it to prison officials to be forwarded to the court clerk). His federal petition raised nine claims for relief, characterized as follows by Petitioner:

1.   Ineffective Assistance of Counsel;

2.   Fairfax Police Illegally Entered Home;

3.   Fairfax Police Illegally Seized Samsung S4 Cell Phone;

4.   Fairfax County Mishandled Cell Phone;

5.   Mr. McKendrick's Pre and Post Miranda Statements are Inadmissible;

6.   Malicious, False and Discriminatory Prosecutorial Misconduct;

7.    Not Statutory Rape; Above Age of Consent; Parental Consent;

8.    Not Strict Liability, Right to Defend; and

9.    Judicial Misconduct; Commonwealth Falsified Documents and Violated Court Orders.

Pet. (ECF No. 1).

Following service of the petition, Respondent timely filed a Rule 5 Answer and Motion to Dismiss McKendrick's petition for writ of habeas corpus on December 14, 2016.   (ECF No. 10). Respondent argued, in its motion and brief in support, that McKendrick's claims are time-barred and procedurally defaulted. Id.   After reviewing McKendrick's claims, this Report concludes that his federal petition is time-barred and procedurally defaulted, and that McKendrick has not made the requisite showing to overcome these defaults in order to obtain federal review.

## II.   RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.   Petitioner's Habeas Petition Is Time-Barred.

McKendrick's habeas corpus petition is time-barred. Prisoners seeking federal habeas relief for a state conviction are subject to a one-year statute of limitations in bringing such a claim.   28 U.S.C. § 2244(d)(1) (2012).   This limitation period begins to run from the date on which (i) judgment becomes final; (ii) any state-created impediment to filing a petition is

3

removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim was, or could have been discovered with due diligence, whichever is latest. 28 U.S.C. § 2244(d)(1)(A)-(D). The one year limitation tolls while any state post-conviction collateral review is pending. 28 U.S.C. § 2244(d)(2).

The first limitation period applies. McKendrick did not file any appeals or state habeas petitions that would have tolled the one-year limitation period. (ECF No. 10, at 2). Thus the one year limitation period began to run on May 11, 2014, thirty days after the Fairfax County Circuit Court entered final judgment against Petitioner on April 11, 2014. See Va. Sup. Ct. R. 5A:6 (stating that a party wishing to appeal a final judgment must file a notice of appeal no more than 30 days after judgment is entered); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running ... when the time for seeking direct review has expired."). McKendrick therefore had until May 11, 2015 to file his federal petition, but failed to do so until October 3, 2016, over a year after the deadline imposed by § 2244 had expired. Pet. 16 (ECF No. 1, at 15).

McKendrick asserts that the limitation period should be extended under § 2244(d)(1)(D) because he did not receive certain documents related to his case until June 1, 2015. (ECF

4

No. 12, at 2; ECF No. 1, at 10). However, the receipt of documents related to a claim is immaterial when the "factual predicate" of the claim is already known to the Petitioner. See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). McKendrick's claims are based on facts which were known or available to him before his guilty plea. For example, McKendrick claims that the victim lied to him about her age, that police misrepresented his relationship to the victim and conducted improper investigations, and that his attorney was ineffective for failure to exploit these claims. See Pet. (ECF No. 1, at 16, 30, 81).

The factual predicate for all of these claims was readily apparent before McKendrick's conviction became final. Throughout his proceedings, McKendrick was unquestionably aware of the nature of his relationship with the victim as well as his personal belief about her age. Likewise, his treatment by police and concerns about the effectiveness of his attorney were known to him before his conviction became final. McKendrick asserts that documents he received post-conviction support extending the limitation period under § 2244(d)(1)(D). Pet'r's Resp. Resp't's Mot. Dismiss 2 (ECF No. 12, at 2). However, nothing in these documents, which were provided to him by his

trial attorney (ECF No. 12, at 13) and consist largely of investigatory records (ECF No. 1-1), reveals a factual predicate which was not already known to him at the time of his conviction or discoverable "through the exercise of due diligence." § 2244(d)(1)(D). Thus the limitation period on his petition is controlled by § 2244(d)(1)(A), and expired over a year before McKendrick filed his petition.[2]

Failure to file a timely petition under § 2244(d) may be excused if a petitioner establishes circumstances that would entitle him to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010); Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). McKendrick has alleged no such circumstances. Equitable tolling is available in two situations: (1) if a petitioner is prevented from asserting his claims by some wrongful conduct on the part of the respondent, or (2) if extraordinary circumstances beyond the petitioner's control made it impossible to file on time. See Harris, 209 F.3d at 330. McKendrick has not alleged any wrongful conduct by the Respondent, nor any extraordinary circumstances, which would have prevented his timely filing. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an

---

[2] Even if § 2244(d)(1)(D) did apply, McKendrick's petition would still be time-barred: McKendrick claims he did not receive the documents on which he relies until June 1, 2015. (ECF No. 1, at 10). His federal petition was filed on October 3, 2016, more than one year after that date. See § 2244(d)(1).

unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Because McKendrick did not file his petition within the one year limitation period and has not established any circumstances which would entitle him to equitable tolling, his petition is time-barred.

**B.   Petitioner's Habeas Petition Is Procedurally Defaulted**

In addition to being time-barred, McKendrick's habeas petition is procedurally defaulted and therefore barred from federal review. Before seeking a federal writ of habeas corpus, inmates in custody pursuant to the judgment of a state court must either (1) exhaust the remedies available to them in state court or (2) demonstrate that such state remedies are either unavailable or ineffective in protecting their rights. 28 U.S.C. § 2254(b)(1). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). "Fair presentation" requires a state prisoner "to present the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 404 U.S. 270, 276 (1971); see also Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (acknowledging the interest in giving state courts the first opportunity to remedy constitutional errors in state proceedings).

In this case, McKendrick has not sought review on any of his claims at the state level. McKendrick did not appeal his conviction, nor has he filed a state habeas petition. Pet. 3, 4 (ECF No. 1, at 2, 3). Thus he has given the Supreme Court of Virginia no opportunity to hear the claims he now raises in his federal habeas petition. However, if a claim not previously presented to the state's highest court would be procedurally barred under state law if presented to a state court at this time, it may nonetheless be treated as exhausted. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000).

McKendrick's claim is procedurally defaulted under state law. State habeas petitions in Virginia must be filed within two years of final judgment. Va. Code § 8.01-654(A)(2). Accordingly, McKendrick would be barred from pursuing state habeas relief at this time, and his claims are simultaneously exhausted and defaulted on the basis of an "independent and adequate state procedural grounds." See Walker v. Martin, 562 U.S. 307, 316 (2011) (quoting Coleman v. Thompson, 501 U.S. 722, 730 (1991)); Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006) (holding Va. Code § 8.01-654(A)(2) constituted independent and adequate ground for federal habeas default).

Failure to comply with state procedures in raising a claim bars a petitioner from raising that claim in a federal habeas

petition unless the petitioner can show cause for the default and prejudice therefrom. Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)). McKendrick has not shown any factors which would meet the cause and prejudice standard necessary to overcome procedural default. He has alleged no "objective factor external to the defense" which impeded his efforts to comply with the state procedural rule. Wolfe v. Johnson, 565 F.3d 140, 158 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Additionally, the Court's review of the record confirms that failing to review his claims will not result in a fundamental miscarriage of justice. McKendrick's petition presents no "new reliable evidence" supporting a claim of actual innocence. Coleman, 501 U.S. at 730; Sharpe v. Bell, 539 F.3d 372, 377 (4th Cir. 2010). Because McKendrick has not shown cause excusing his failure to comply with state procedure or a fundamental miscarriage of justice, his claims are procedurally defaulted and barred from federal review.

### III.  RECOMMENDATION

McKendrick's claims are time-barred and procedurally defaulted, and he has not presented sufficient evidence to overcome these defaults. Therefore, the undersigned recommends that Respondent's Rule 5 Answer and Motion to Dismiss (ECF No.

10) be GRANTED and Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified finds or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the petitioner and to provide an electronic copy to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

February 24, 2017

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

> Matthew McKendrick # 1536116
> Haynesville Correctional Center
> P.O. Box 129
> Haynesville, Virginia 22472

A copy of the foregoing Report and Recommendation was electronically mailed this date to the following:

> Elizabeth Kiernan Fitzgerald
> Office of the Attorney General
> 202 North Ninth Street
> Richmond, Virginia 23219

Fernando Galindo,
Clerk of Court

By:_____
Deputy Clerk

_____, 2017

12